# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **ANTOINE LAMONT STANFIELD,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:18CV00470 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **LARRY EDMONDS, WARDEN,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Respondent. | ) | |
| | ) | |

*Antoine Lamont Stanfield, Pro Se Petitioner; Craig W. Stallard, Assistant Attorney General, Office of the Attorney General, Richmond, Virginia, for Respondent.*

In this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, Antoine Lamont Stanfield, a Virginia inmate proceeding pro se contends that his confinement pursuant to a 2011 judgment entered by a state court is unconstitutional. Upon review of the record, I conclude that the respondent's Motion to Dismiss must be granted.

I. BACKGROUND.

Stanfield was convicted on May 8, 2010, after a bench trial in the Circuit Court for the City of Danville, on one count of possession of cocaine with the intent to distribute. From the trial evidence, the Court of Appeals of Virginia found the following facts:

[O]n December 7, 2009, Officer Torres executed a search warrant at a house owned by Alphonzo and Tonya Tate. While the Tates owned the house, the utilities were set up under the name of Brenda Davis. When Torres arrived at the house, the front door was open, but the screen door was closed. Torres looked through the screen door, announced his presence, and entered the house. Torres encountered two men sitting on separate sofas in the living room. [Stanfield] was seated on Torres' left, while another male was seated on the right on a second sofa. The sofas were approximately six to eight feet apart and perpendicular to each other.

As Torres entered the house, he saw [Stanfield] sitting toward the middle of the sofa. [Stanfield] stretched out his right arm to the edge of the sofa before bringing it back to his side and placing it in his jacket pocket. After placing it in his pocket, [he] again extended his right arm away from his body and rested his hand along the top edge of the sofa. Torres saw [Stanfield's] fingers move and ordered [him] to raise his arms and to stand up.

While another officer detained [Stanfield], Torres immediately checked the area where [Stanfield's] right hand had been resting. Torres found $309 in cash on top of the sofa between the arm rest and the cushions. The cash was folded up. On the floor beneath the arm of the sofa where [Stanfield] had initially extended his hand Torres found forty-six individually packaged off-white rocks in a bag. The contents of five of the bags were subsequently tested and determined to be cocaine.

Police recovered over one thousand dollars in cash and a cell phone from the male seated at the other sofa. The police found little furniture in the rest of the tiny house. There were no beds, clothing or personal effects. The only food in the house was beer and cheese. In the room adjacent to the living room, the officers found a folding table with chairs. On the table were two sets of scales, one of which bore white residue, and a box of baggies. Twenty baggies with the corners ripped off were recovered from a trashcan in the same room. No smoking or ingestion devices were found in the house.

[Stanfield] was arrested. At trial, Detective Whitehead testified as an expert in the packaging and distribution of cocaine. Whitehead

> testified that the individual packaging of the cocaine found near [Stanfield's] sofa, along with the baggie corners and scale in the adjacent room, were more consistent with distribution than with personal use. He also stated that the condition of the house was consistent with use as "a drug house for [the] packaging and [the] distribution of drugs."

*Stanfield v. Commonwealth*, Record No. 0256-16-3, slip op. at 1–2 (Va. Ct. App. July 29, 2016).

By final order dated December 22, 2011, the circuit court sentenced Stanfield to a total of 10 years imprisonment, with seven years and two months suspended. Stanfield appealed. The Court of Appeals of Virginia dismissed Stanfield's appeal for failure to pay the filing fee on time, and the Supreme Court of Virginia refused his appeal of that ruling. Stanfield then filed a Petition for a Writ of Habeas Corpus, seeking a belated appeal. By order dated December 3, 2013, the Supreme Court of Virginia granted Stanfield's petition, set a timeline for him to pursue a belated appeal, and appointed appellate counsel.

On December 20, 2013, Stanfield filed a second habeas corpus petition, this time in the Circuit Court for the City of Danville ("the circuit court petition"). He alleged that the trial court had violated his rights by concluding that the evidence was sufficient to support his conviction. The circuit court dismissed the petition on March 31, 2014, with prejudice, on procedural grounds. Stanfield did not appeal that ruling.

By order dated June 24, 2014, the Supreme Court of Virginia vacated its order of December 3, 2013, to reset the timeline for Stanfield to pursue a belated appeal to the Court of Appeals of Virginia. The attorney appointed to represent Stanfield for this appeal failed to file a notice of appeal. In November of 2015, Stanfield moved the court again for a belated appeal based on ineffective assistance of counsel. By order dated November 23, 2015, the Supreme Court of Virginia vacated its order of June 24, 2014, and reset the timeline for appeal once again. Newly appointed counsel filed a Notice of Appeal on February 12, 2016.

Stanfield's belated appeal petition contended that the evidence was not sufficient to establish that he both possessed cocaine and had the intent to distribute it. On July 29, 2016, the Court of Appeals of Virginia denied Stanfield's direct appeal. That court later denied his Petition for a Rehearing, and the Supreme Court of Virginia refused his subsequent appeal on April 25, 2017.

In August of 2017, Stanfield filed a third state habeas petition, his second in the Supreme Court of Virginia ("the SCV petition"), which he later amended. This state petition as amended raised substantially the same claims for relief that Stanfield presents in his § 2254 petition. The SCV petition was dismissed by order dated July 10, 2018.

Stanfield timely filed this § 2254 petition in September of 2018, alleging the following claims for relief:

(a) He was unlawfully seized during the execution of a search warrant;

(b) He did not receive a warning under *Miranda v. Arizona*, 384 U.S. 436 (1966), nor did he waive such rights under *Miranda*;

(c) His indictment was defective because "the foreman who signed a true bill does not appear to be named" in a list of jurors who served on Stanfield's grand jury;

(d) The Commonwealth failed to comply with Va. Code Ann. § 19.2-187 "by not filing one of the certificates in a timely manner" before Stanfield's trial;

(e)(1) Trial counsel was ineffective when he failed to object to the untimely filed certificate of analysis while "knowing the Commonwealth was not in compliance with the strict filing requirements of" Va. Code Ann. § 19.2-187;

(e)(2) Trial counsel was ineffective when he failed to move to suppress evidence seized during the execution of the search warrant;

(e)(3) Appellate counsel was ineffective for failing to raise on appeal the Commonwealth's failure to comply with Va. Code Ann. § 19.2-187;

(e)(4) Trial and appellate counsel were ineffective because they "failed to raise [Stanfield's] Fourth Amendment claim with respect to the search warrant, unlawful seizure of [Stanfield], and evidence obtained during [the] search";

(e)(5) Trial counsel was ineffective when he "failed to raise [Stanfield's] Fourth Amendment search warrant issue" and failed to challenge the "validity of the search" on the basis that the police exceeded their authority by "obtaining evidence outside the residence";

(e)(6) Trial counsel was ineffective when he "failed to object to the certificate of analysis being admitted into evidence";

(e)(7) Trial counsel was ineffective when he "failed to raise [Stanfield's] Fifth Amendment rights";

(e)(8) Trial counsel was ineffective when he "failed to challenge the validity of [Stanfield's] indictments";

(e)(9) Trial counsel was ineffective when he "failed to file a timely motion to dismiss or quash [Stanfield's] indictment";

(f) The evidence was insufficient to support Stanfield's convictions;

(g) Stanfield was subject to an unconstitutional search and seizure;

(h) Stanfield "was denied due process of law in violation of his Fourteenth Amendment rights" because the Commonwealth failed to timely file the certificate of analysis in accordance with Va. Code Ann. § 19.2-187;

(i) The trial court lacked jurisdiction due to the Commonwealth's "non-compliance with a state statute"; and

(j) Stanfield's conviction is void, and he is being unlawfully detained, because he "was never indicted by a legally impanel[ed] grand jury."

Pet. 16–19, ECF No. 1. The respondent has filed a Motion to Dismiss, and Stanfield has responded, making the matter ripe for disposition.

II. DISCUSSION.

A. Procedural Default.

"[A] federal court may not grant a writ of habeas corpus to a petitioner in state custody unless the petitioner has first exhausted his state remedies by presenting his claims to the highest state court." *Baker v. Corcoran*, 220 F.3d 276, 288 (4th Cir. 2000) (citing 28 U.S.C. § 2254(b)(1)). The respondent admits that

Stanfield has exhausted his state court remedies as to the claims in this case by raising them to the Supreme Court of Virginia on direct appeal or in a habeas proceeding. If a state court expressly bases its dismissal of a claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the federal habeas version of that claim is also procedurally barred. *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998).

The respondent argues that Stanfield's Claims (a), (b), (c), (d), (g), (h), (i), and (j) could have been, but were not, raised on direct appeal. The Supreme Court of Virginia, in reviewing Stanfield's 2016 state habeas petition, found that these claims were procedurally barred pursuant to *Slayton v. Parrigan*, 205 S.E.2d 680, 682 (Va. 1974) (holding that prisoner cannot use habeas corpus to circumvent trial and appeal processes for inquiry into non-jurisdictional defects of his conviction). *Slayton* states an adequate and independent state procedural default rule. *Burket v. Angelone*, 208 F.3d 172, 189 (4th Cir. 2000). Therefore, the nonjurisdictional aspects of these claims are procedurally barred from federal habeas review unless Stanfield has shown cause and prejudice or actual innocence.

The Supreme Court of Virginia also found, however, that the jurisdictional defects under state law alleged in Stanfield's Claims (c), (d), (h), (i), and (j) did not void his convictions as he contended. Because the Supreme Court of Virginia addressed the jurisdictional challenges in these claims on the merits, these portions

of the claims are not procedurally barred from federal review. Under § 2254, I cannot second-guess the Supreme Court of Virginia's interpretation or application of state law. *Estelle v. McGuire*, 502 U.S. 62, 72 (1991) (finding no authority for federal habeas court to reverse state court's holding based on interpretation of state law). Therefore, I will dismiss the jurisdictional aspects of Stanfield's claims because they rest on alleged violations of state law, rather than federal law. *See* 28 U.S.C. § 2254(a) (authorizing federal habeas relief to petitioner who demonstrates that he is "in custody in violation of the Constitution or laws or treaties of the United States").

The respondent argues that all portions of Claim (e) are procedurally barred from federal habeas review. The Supreme Court of Virginia on habeas review held that these claims were procedurally defaulted under Virginia's rule against successive petitions upon finding that Stanfield knew the factual basis for these claims at the time he filed the circuit court petition in December of 2013. *See* Va. Code Ann. § 8.01-654(B)(2) ("No writ shall be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition."). Section 8.01-654(B)(2) is an adequate and independent state procedural default rule. *See, e.g., George v. Angelone*, 100 F.3d 353, 363–64 (4th Cir. 1996).

I agree that when Stanfield filed the circuit court petition in 2013, he knew the facts necessary to his claims of ineffective assistance by his *trial* attorney. Thus, I conclude that all aspects of Claim (e) alleging defective performance by trial counsel are procedurally barred from federal habeas review unless Stanfield has shown cause and prejudice or actual innocence.

I cannot find from the record that the claims of ineffective assistance by *appellate* counsel are procedurally barred. Stanfield's belated direct appeal, although authorized in December of 2013, did not actually occur until February of 2016, long after the circuit court habeas petition was dismissed in March of 2014. Thus, as Stanfield pointed out to the Supreme Court of Virginia in his Petition for Rehearing in 2018, when he filed the circuit court petition, he could not have known the facts about his appellate counsel's alleged ineffectiveness during the later-filed, belated appeal. Nevertheless, the Supreme Court of Virginia found the appellate counsel claims barred under § 8.01-654(B)(2). This court must presume that a state court's factual findings are correct unless the petitioner rebuts those facts by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). In this case, the record itself demonstrates by clear and convincing evidence that the Supreme Court of Virginia erred in dismissing as successive Stanfield's allegations in Claims (e)(3) and (e)(4) that appellate counsel was ineffective. Therefore, I cannot dismiss these claims as procedurally defaulted.

B. Cause and Prejudice.

A federal habeas court may review the merits of a procedurally defaulted claim only if "the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."[1] *Coleman v. Thompson*, 501 U.S. 722, 750 (1991) (holding modified on other grounds by *Martinez v. Ryan*, 566 U.S. 1 (2012)). The "cause" prong requires a petitioner to demonstrate that "some objective factor external to the defense impeded" him from raising his claim at an earlier stage. *Murray*, 477 U.S. at 488. The "prejudice" prong requires a petitioner to show "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982). "[T]he absence of cause makes unnecessary an inquiry into prejudice." *Davis v. Allsbrooks*, 778 F.2d 168, 176 (4th Cir. 1985). Errors of counsel may serve as cause to excuse the procedural default of a specific constitutional claim, but only if the petitioner

---

[1] The miscarriage of justice exception to default requires a colorable showing that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986); *Schlup v. Delo*, 513 U.S. 298, 329 (1995) (holding that actual innocence to circumvent procedural default requires showing that "in light of the new evidence, no juror, acting reasonably, would have voted to find [the petitioner] guilty beyond a reasonable doubt."). Stanfield does not present any new evidence or meet the required showing under *Schlup*.

demonstrates (1) that the error was so egregious that it violated the petitioner's constitutional right to effective assistance of counsel, *Strickler v. Greene*, 527 U.S. 263, 283 (1999), and (2) that the ineffective assistance claim itself is not procedurally defaulted, *Edwards v. Carpenter*, 529 U.S. 446 (2000).

Stanfield argues that the attorneys who failed to file or to perfect appeals on his behalf after being appointed to do so in 2011, 2013 and 2015 should serve as cause to excuse default of his habeas claims. This argument fails, because Stanfield was later afforded an appeal, and the attorneys' earlier failures to file one did not prevent Stanfield from pursuing habeas relief. Moreover, Stanfield's claims that trial counsel provided ineffective assistance cannot serve as cause to excuse the default of any other defaulted claims, because these trial counsel claims are themselves procedurally defaulted, and Stanfield fails to argue cause for that default. *Id.*

Claims (e)(3) and (e)(4), alleging appellate counsel's ineffectiveness, are not defaulted and could show cause for Stanfield's default of Claims (a), (d), (g), and (h). In the alternative to default, the respondent argues that Stanfield's claims are without merit. Accordingly, I will address Claims (e)(3), (e)(4), and (f) on the merits.[2] Because Stanfield has *not* shown any grounds to circumvent the procedural default of Claims (b), (c), (e)(1), (e)(2), the portion of (e)(4) regarding

---

[2] Stanfield presented Claim (f) in his belated appeal, and the Court of Appeals of Virginia addressed it on the merits. Therefore, this claim is not procedurally defaulted.

trial counsel's alleged errors, (e)(5), (e)(6), (e)(7), (e)(8), (e)(9), (i), and (j), I will grant the Motion to Dismiss these claims as procedurally barred from federal habeas review.

## C. Ineffective Assistance of Counsel.

To prove that counsel's representation was so defective as to require reversal of the conviction or sentence, the petitioner must meet a two-prong standard, showing that counsel's defective performance resulted in prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, the petitioner must show that "counsel's representation fell below an objective standard of reasonableness," considering circumstances and facts known to counsel at the time of the representation. *Id.* at 688. Counsel does not render ineffective assistance on appeal by failing to present every non-frivolous issue in the petition. *Jones v. Barnes*, 463 U.S. 745, 754 (1983). "[T]he process of winnowing out weaker claims on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Burger v. Kemp,* 483 U.S. 776, 784 (1987).[3] In applying *Strickland* to claims of ineffective assistance of counsel on appeal, a reviewing court must accord appellate counsel the "presumption that he decided which issues were most likely

---

[3] I have omitted internal quotation marks, alterations, and citations here and throughout this Opinion, unless otherwise noted.

to afford relief on appeal." *Pruett v. Thompson*, 996 F.2d 1560, 1568 (4th Cir. 1993).

Under the second facet of the *Strickland* test, to show prejudice, the petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694. If the petitioner has not satisfied one prong of the *Strickland* test, the court need not inquire whether he has satisfied the other prong. *Id.* at 697.

Stanfield's Claim (e)(3) fails under both prongs of *Strickland*. Stanfield does not present facts showing that an appeal of the Commonwealth's alleged failure to comply with Va. Code Ann. 19.2-187 would have resulted in reversal of his conviction on appeal. As the Supreme Court of Virginia held in dismissing Claim (d), the Commonwealth's failure to file the certificate of analysis before trial did not implicate the court's jurisdiction. Moreover, Stanfield fails to overcome the presumption under *Strickland* that counsel made a strategic decision to focus the appeal on challenging the sufficiency of the evidence as the stronger claim. *Burger*, 483 U.S. at 784. Because I thus find no merit to Claim (e)(3), it does not serve as cause to excuse the procedural default of Claims (d) and (g). I will, therefore, grant the Motion to Dismiss as to all three of these claims.

Claim (e)(4) alleges that appellate counsel was ineffective for failing to raise a "Fourth Amendment claim with respect[] to the search warrant, unlawful seizure

of [Stanfield], and evidence obtained during [the] search." Pet. 46, ECF No. 1. In support of his Fourth Amendment claims, however, Stanfield merely describes the arresting officer's actions upon entering the house, his arrest of Stanfield without having seen him with drugs on his person, and the officer's failure to knock before entering the residence.

Other than conclusory assertions that his rights were violated, Stanfield does not state any particular challenge counsel could have raised to the validity of the search and the arrest. Stanfield apparently argues that the officer did not have sufficient evidence of wrongdoing to arrest him. *Rogers v. Pendleton*, 249 F.3d 279, 290 (4th Cir. 2001) (holding that if person is arrested when no reasonable officer could believe that probable cause existed to make an arrest for the stated offense, officer has violated clearly established Fourth Amendment right to be arrested only upon probable cause). For reasons further discussed in the analysis of Stanfield's Claim (f), I conclude that the officers clearly had probable cause to support the arrest and the seizure of the evidence. *See, e.g., Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979) (finding arrest justified when "facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense"). Stanfield's concern about the officer's failure to knock before entering

also fails to present a viable constitutional challenge to the search or the arrest. *See, e.g., Richards v. Wisconsin*, 520 U.S. 385, 395 (1997) (holding that because officers had reasonable suspicion that suspect knew from earlier events that police officers were attempting to enter his room to execute search warrant, they could enter immediately without knocking, given the disposable nature of drug evidence).

Stanfield has not presented any viable Fourth Amendment issue that would have been a stronger choice on appeal than the sufficiency of the evidence arguments appellate counsel raised. *Burger*, 483 U.S. at 784. Because Stanfield's ineffective assistance on appeal argument in Claim (e)(4) is thus without merit, it cannot excuse his procedural default of Claims (a) and (g). I will, therefore, grant the Motion to Dismiss as to all three of these claims.

D. Sufficiency of the Evidence.

Under 28 U.S.C. § 2254(d), however, the federal habeas court may not grant a writ of habeas corpus based on any claim that a state court decided on the merits unless that adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Williams v. Taylor*, 529 U.S. 362, 403–13 (2000). "Where, as here, the state court's application of governing federal law is challenged, it must be shown to be not only erroneous, but objectively unreasonable." *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003). Under this standard, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as fair-minded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011).

In Claim (f), Stanfield alleges that the evidence was insufficient to convict him of possession of cocaine with the intent to distribute. On this claim, he "is entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt."[4] *Jackson v. Virginia*, 443 U.S. 307, 324 (1979). The *Jackson* standard does not require the prosecution "to rule out every hypothesis except that of guilt."[5] *Id.* at 326. Indeed, "the *Jackson* inquiry does not focus on whether the

---

[4] When a state's highest court has reviewed and merely refused a petition for appeal from a lower court's reasoned opinion on the merits of an appellant's claims, a federal reviewing court may look through the higher court's decision to the underlying merits opinion. *Ylst v. Nunnemaker*, 501 U.S. 797, 803–04 (1991). Thus, I look through the Supreme Court of Virginia's summary order refusing Stanfield's petition in his belated appeal and review the merits opinion by the Court of Appeals of Virginia.

[5] The test in Virginia, in a circumstantial evidence case like Stanfield's, is whether the Commonwealth has excluded all reasonable hypotheses of innocence. *Stawderman v. Commonwealth*, 108 S.E.2d 376, 380 (Va. 1959) ("It is not sufficient that facts and circumstances proved be consistent with the guilt of the accused. To sustain a conviction they must be inconsistent with every reasonable hypothesis of his

trier of fact made the *correct* guilt or innocence determination, but rather whether it made a *rational* decision to convict or acquit." *Herrera v. Collins*, 506 U.S. 390, 402 (1993). Thus, if I conclude, after viewing the evidence in the light most favorable to the prosecution, that any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt, I must grant the Motion to Dismiss.

Under Virginia law,

> [P]ossession of a controlled substance may be actual or constructive. "To support a conviction based on constructive possession, the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control.

*McGee v. Commonwealth*, 357 S.E.2d 738, 740 (Va. Ct. App. 1987). Stanfield argues that the evidence did not prove he knew of the drugs or had control over them. He points out that no officer saw him with drugs or found any on his person and contends that the location of the drugs attributed to him was too far away from the sofa for him to have dropped or thrown them there, as the trial court inferred.

---

innocence."). A federal habeas court, however, does not apply the stricter state standard of review for sufficiency of the evidence, since such a state evidentiary rule does not rise to the level of a constitutional claim. *Inge v. Procunier*, 758 F.2d 1010 (4th Cir. 1985).

In rejecting similar contentions, the Court of Appeals of Virginia found the following facts in evidence:[6]

> Viewed in the light most favorable to the Commonwealth, the evidence proved that [Stanfield] was aware of the presence and character of the cocaine and had exercised dominion and control over it. In response to seeing [Officer] Torres at the door, [Stanfield] made two furtive movements. On the first occasion, he stretched out his arm to the end of the sofa, and on the second, he put his hand in his pocket before moving it to the top edge of the sofa. Upon Torres checking the top of the sofa where [Stanfield] had placed his hand, Torres found over three hundred dollars in cash between the cushion and the arm rest. On the floor beneath the sofa where [Stanfield] had originally placed his hand, Torres recovered forty-six individually wrapped off-white rocks, some of which were determined to be cocaine. While another individual was seated on a nearby sofa at the time Torres entered the house, [Stanfield] was the only individual sitting on the sofa and making motions in the direction of the locations where the cash and cocaine were found. Thus, a rational fact finder could conclude that, based upon [Stanfield's] location and actions, he exercised dominion and control over the cocaine and cash found on the sofa and on the floor beneath the sofa and that he discarded them because he was aware of the presence and character of the cocaine. *See Collins v. Commonwealth,* 13 Va. App. 177, 179-80, 409 S.E.2d 175, 176 (1991).

*Stanfield*, Record No. 0256-16-3, slip op. at 3-4.

This state court finding that Stanfield possessed cocaine was based on a reasonable determination of the facts in light of the evidence presented. I note Officer Torres' testimony that the sofa where Stanfield was sitting was initially

---

[6] "State court factual determinations are presumed to be correct and may be rebutted only by clear and convincing evidence." *Gray v. Branker*, 529 F.3d 220, 228 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)).

against the wall where the drugs were found and that the sofa was moved away from the wall only later to facilitate execution of the search warrant. Stanfield fails to demonstrate that no rational juror could have found beyond a reasonable doubt that he possessed cocaine. *Jackson*, 443 U.S. at 324. Therefore, I conclude, pursuant to § 2254(d), that the state court's ruling that Stanfield possessed cocaine was not contrary to, or an unreasonable application of, federal law and was not based on an unreasonable determination of the facts in light of the evidence presented.

Stanfield also contends that his conviction for possession with the intent to distribute was based on nothing more than speculation. The court of appeals found otherwise:

> [Stanfield] asserts the evidence did not exclude a reasonable hypothesis that he was present in the house to purchase cocaine rather than to distribute it. However, based upon the large number of individual packages in his possession, Whitehead testified that [Stanfield's] possession was more consistent with distribution than personal use. Combined with the cash hidden in the sofa, and Whitehead's opinion that the condition of the house was consistent with drug distribution, the combination of these circumstances was sufficient for the trial court to find that [Stanfield] intended to distribute the cocaine in his possession. . . . While [Stanfield] points out that the other individual in the house possessed more money than did [Stanfield] at the time Torres entered the house, evidence that the other individual was engaged in the distribution of drugs did not preclude the trial court from reasonably concluding that [Stanfield] also intended to distribute the cocaine in his possession.
>
> Accordingly, the evidence was competent, credible, and sufficient to prove [Stanfield's] guilt beyond a reasonable doubt.

*Stanfield,* Record No. 0256-16-3, slip op. at 4.

Stanfield fails to demonstrate that no rational juror could have found beyond a reasonable doubt that he intended to distribute cocaine. *Jackson*, 443 U.S. at 324. Therefore, I conclude, pursuant to § 2254(d), that the state court's ruling that Stanfield intended to distribute cocaine was not contrary to, or an unreasonable application of, federal law and was not based on an unreasonable determination of the facts in light of the evidence presented. For the reasons stated, I will grant the Motion to Dismiss as to Stanfield's Claim (f).

### III. CONCLUSION.

In accordance with the foregoing, I conclude that Stanfield's claims for relief are either procedurally defaulted or without merit under § 2254(d). Therefore, I will grant the Motion to Dismiss.

A separate Final Order will be entered herewith.

    DATED: September 10, 2019

    /s/ James P. Jones
    United States District Judge